UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GARRISON,                               No. 09-14560

        Plaintiff,                           District Judge Thomas L. Ludington

v.                                              Magistrate Judge R. Steven Whalen

MICHIGAN DEPT. OF CORRECTIONS,
ET AL.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

Before the Court is Defendants' Motion to Dismiss for Failure to Prosecute [Doc. #154], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be GRANTED, and the complaint DISMISSED WITH PREJUDICE.

**I.   FACTS**

Plaintiff, at the time a prison inmate in the custody of the Michigan Department of Corrections ("MDOC") filed a *pro se* civil complaint, pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Person Act, against the MDOC as well as a number of individual Defendants. A number of the Defendants have been dismissed. The remaining Defendants bring this motion.

On December 28, 2009, Plaintiff filed a change address, indicating that he was residing at the Pugsley Correctional Facility in Kingsley, Michigan. *See* Doc. #147. This was the last action that Plaintiff has taken in this case. He was released on parole on February 9, 2010, but he has not informed this Court of any updated mailing address. This Court sent him a number of Orders and Reports and Recommendations that were returned as undeliverable. *See* Doc. #145, #149, #150, #152. The Court also ordered Plaintiff to respond to this Motion to Dismiss, which he has not done, probably because he did not provide the Court with an updated mailing address, and thus did not

receive the order. However, Defendants state that Plaintiff is a registered sex offender, and that they served this motion on him at the address listed in the Michigan Public Sex Offender Registry.

## II.  DISCUSSION

Fed.R.Civ.P. 41(b) provides:

> "**(b) Involuntary Dismissal: Effect Thereof.**  For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.  Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."

Rule 41(b) also permits the Court to dismiss a case *sua sponte* under its inherent power: "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.  The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion  in the calendars of the District Courts."  *Link v. Wabash R. Co.* 370 U.S. 626, 629-630, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962); *see also Knoll v. American Telephone & Telegraph Co.,* 176 F.3d 359, 363 (6th Cir.1999).

In the case of a *pro se* litigant, "the Court must take into consideration the difficulties an individual faces in bringing forward their case without the benefit of legal representation." *Bunting v. Hansen,* 2007 WL 1582236, *2 (E.D.Mich.2007). Nonetheless, because defendants are entitled "to a fair and timely resolution of the litigation . . . *pro se* litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines."  *Id*.; *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir.1991).

Under *Knoll v. American Telephone & Telegraph Co.*, *supra,* a court should generally consider four factors in deciding whether to dismiss under  Rule 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before

dismissal was ordered." Although here, Plaintiff has not received warnings or less drastic sanctions[1], his failure to inform the Court or Defendants of his present whereabouts or to take any action in this case since December of 2009, shows that he has effectively abandoned his case, and mandates dismissal of the action. *See Bunting*, *supra,* at *2 ("Plaintiff's failure to further communicate at all regarding the status of his case . . . reveals a lack of interest on his part."). *See also Wade v. Gusman,* 2007 WL 1729569, *2  (E.D.La.2007) (The plaintiff's failure to supply an "appropriate address or any means of contacting him" is grounds for dismissal under Fed. R. Civ. P. 41(b). In addition, Defendants will be prejudiced if the case is not dismissed. They will be stymied in any attempt at discovery, and a "fair and timely resolution of the litigation"will be impossible in the Plaintiff's absence.

Therefore, the complaint should be dismissed with prejudice pursuant to Rule 41(b).

### III.   CONCLUSION

I recommend that Defendants' Motion to Dismiss for Failure to Prosecute [Doc. #154] be GRANTED, and that the complaint be DISMISSED WITH PREJUDICE.

Any objections to this  Report and Recommendation must be filed  within fourteen  (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.  1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

---

[1] It would, of course, be futile to impose lesser sanctions, since the Plaintiff's decision to not inform the Court of his whereabouts after being paroled precludes him getting notice of those sanctions.

-3-

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                s/R. Steven Whalen
                R. STEVEN WHALEN
                UNITED STATES MAGISTRATE JUDGE

Date: August 9, 2011

---

### CERTIFICATE OF SERVICE

I hereby certify on August 10, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on August 10, 2011: **Michael Garrison.**
    237608
    PUGSLEY CORRECTIONAL FACILITY
    7401 EAST WALTON ROAD
    KINGSLEY, MI 49649

                s/Michael E. Lang
                Deputy Clerk to
                Magistrate Judge R. Steven Whalen
                (313) 234-5217